AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA

v.                                       **ORDER OF DETENTION PENDING TRIAL**

<u>JERRY J. DAVIS, JR.</u>              Case Number: 06-20112-02-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached page)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 24, 2006                          s/ David J. Waxse
                                                *Signature of Judicial Officer*

                                                DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Jerry J. Davis, Jr.
Criminal Action 06-20112-02-CM-DJW

## Part II - Written Statement of Reasons for Detention

The law provides a set of factors I have to consider to determine whether or not there are conditions that will assure your appearance and protect the safety of the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence, involves a narcotic drug, or for which there is a maximum term of imprisonment of ten years. Clearly these involve narcotic drugs, which is a negative.

The next factor is the weight of the evidence. You have been indicted by a Grand Jury, which is a determination of probable cause, and is a negative against you.

The next factor is the history and characteristics of the person, including your physical and mental condition. The Report does not contain anything about your physical or mental condition that would impact your ability to be released, so that is not a negative factor.

Your family ties appear to be positive from the Report and proffers.

The next factor is employment. You have had some employment but it has not been steady, constant employment, so that is not a positive factor.

The next factor is your financial resources. There is no indication that there are substantial resources that would enable you to flee, so that is a positive.

Your length of residence in the community and community ties are both positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearances. According to statements of the government and the Pretrial Services Report, you have had numerous contacts with law enforcement. You have been convicted of crimes and you are now charged with more crimes.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release. It does not appear that you were.

The final factor is the nature and seriousness of the danger to the community that would be posed by your release. Involvement in distribution of crack cocaine is a substantial danger to the community.

Considering all of these factors together, there are no conditions that will adequately protect the community against further behavior similar to what you have been convicted of and are now charged with, so you will remain detained.